IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>MSI CORPORATION,<br><br><br>Debtor. | Chapter 11<br><br>Case No. 13-22457<br><br>Related to Docs: 244<br><br>Chief Bankruptcy Judge<br>Jeffery A. Deller |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER 11 U.S.C. §§ 1126 AND 1129 AND FED. R. BANKR. P. 3020 CONFIRMING THE CHAPTER 11 PLAN PROPOSED BY MSI CORPORATION DATED JULY 18, 2014**

Upon review and consideration of the Chapter 11 Plan Proposed By MSI Corporation, dated July 18, 2014 (the "Plan")[1] and the corresponding disclosure statement (the "Disclosure Statement"), all pleadings and documents relating thereto, the certified Report of Voting on the Plan dated October ___, 2014 (the "Ballot Certification"), all pleadings and documents filed in this bankruptcy case (the "Case"), the record of all matters and proceedings in this Case (including, but not limited to the hearings on the Plan and the Disclosure Statement), and the evidence proffered or adduced and accepted into the record at the hearing on the Plan, for sufficient cause shown, IT IS HEREBY FOUND that:

1. **The Petition.** On June 7, 2013 (the "Petition Date"), the Debtor filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101- 1531 (the "Bankruptcy Code"). The Case was filed in good faith.

2. **Jurisdiction and Venue.** The Debtor was and is qualified to be a debtor under section 109(a) of the Bankruptcy Code. Accordingly, this Bankruptcy Court has jurisdiction over the Case pursuant to 28 U.S.C. §§ 157 and 1334. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2) and this Bankruptcy Court has exclusive jurisdiction to determine whether the Plan complies with applicable provisions of the Bankruptcy Code and

---

[1] Unless otherwise defined in this Order, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan, a copy of which is attached hereto as Exhibit A. Any term used in the Plan or this Confirmation Order that is not defined in the Plan or Confirmation Order but is defined in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules. "Plan" shall also include any amendments or supplements to the Plan approved by the Court.

60128441.1                                    - 1 -

should be confirmed. The Debtor was formed under the laws of Pennsylvania and has its corporate headquarters in Vandergrift, Pennsylvania. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  <u>Judicial Notice</u>. This Bankruptcy Court takes judicial notice of the docket of the Case maintained by the Clerk of this Court, including, without limitation, all pleadings and other documents filed, and all orders entered, by the Bankruptcy Court during the pendency of this Case.

4.  <u>The Debtor.</u> The Debtor is a specialty metals processor located in Vandergrift, Pennsylvania.

5.  <u>Cause for Filing of Chapter 11 Petition.</u> The Debtor sought bankruptcy relief primarily due to (a) reduced sales attributable to a downturn in the business cycle of the metals industry and (b) conflicts between the Debtor and its primary secured lender, FCB. Prior to the Petition Date, the Debtor had attempted to restructure its debt outside of bankruptcy but was unable to do so.

6.  <u>The Employment of a Chief Restructuring Officer of the Debtor.</u> On June 28, 2013, the Debtor filed its motion (the"<u>CRO Motion</u>") pursuant to 11 U.S.C. §§ 105(a) and 363(b) to retain and employ Albert's Capital Services, LLC ("<u>ACS</u>") as chief restructuring officer of the Debtor.

7.  <u>The CRO Order</u>. On July 30, 2013, the Court entered an order (the "<u>CRO Order</u>") authorizing the retention of ACS as chief restructuring officer ("CRO"). The Court granted the CRO, in accordance with applicable law and as agreed upon by and between ACS and the Debtor, the power and authority to, among other things: provide the Debtor with assistance in finance and accounting functions to prepare information necessary for the Debtor to comply with its reporting obligations in this chapter 11 case; assist the Debtor in the identification and implementation of operations improvement opportunities and cost reduction; assist in evaluation and development of the Debtor's business plan and scenario analyses; assist the Debtor with cash management, vendor management, and the development and management of a cash flow forecast; serve as the principal contact with the Debtor's creditors with respect to the Debtor's financial and operational matters; and in consultation with the Debtor's chief executive officer, explore opportunities that may maximize value for the Debtor and its creditors and make efforts to implement such actions.

8.  <u>CRO Actions in Connection with Plan</u>. Consistent with the CRO Order, since the Petition Date the CRO performed in good faith a variety of services that were necessary and beneficial to the Debtor's restructuring efforts and instrumental in the Plan process, including, but not limited to, taking such actions that were reasonably necessary for the Debtor to negotiate the Plan in good faith with its creditors, solicit votes in favor therefore and otherwise administer the Case.

9.  <u>The Filing of the Disclosure Statement, the Amended Disclosure Statement and the Plan.</u> On July 18, 2014, the Debtor filed its Plan, a Summary of the Chapter 11 Plan (the "<u>Plan Summary</u>") and the Disclosure Statement. On July 21, 2014, the Court entered an Order

scheduling a hearing on the Disclosure Statement for September 2, 2014. The Debtor properly served the Disclosure Statement (which included a copy of the Plan), the Plan Summary and the Order scheduling the hearing on the Disclosure Statement in accordance with the July 21, 2014 scheduling order and applicable authority, as is more fully reflected in the certificates of service filed during this Case. Such notice was adequate and sufficient. On August 12, 2014, the Debtor filed an amended disclosure statement (the "Amended Disclosure Statement") to accompany the Plan. The Amended Disclosure Statement disclosed, among other things, contingent, unliquidated claims of the Commonwealth of Pennsylvania – Department of Economic Development and the Westmoreland County Industrial Corporation, which contingent and unliquidated claims relate to a 2009 grant provided for the construction of road improvements that benefited the Debtor. The Amended Disclosure Statement expressly stated that the Plan does not contemplate the allowance of a Claim relating to the 2009 grant. On August 13, 2014, the Court entered a scheduling Order relating to the Amended Disclosure Statement. The Debtor properly served the Amended Disclosure Statement in accordance with the August 13, 2014 scheduling order and applicable authority. Such notice was adequate and sufficient.

        10.     Hearing on Amended Disclosure Statement and Order Approving Disclosure Statement. On September 2, 2014, the Court conducted a hearing on the Amended Disclosure Statement. The Court entered an Order approving the Amended Disclosure Statement that same day (the "September 2nd Order"). The September 2nd Order required the Debtor to transmit to all creditors, all equity security holders, the Office of the United States Trustee and any other party in interest required to receive notice pursuant to applicable authority a copy of (a) the Amended Disclosure Statement, (b) the Plan, (c) the Plan ballot, (d) the September 2nd Order and (e) all other documents required under Federal Rule 3017 by September 5, 2014. The September 2nd Order also set deadlines for (x) voting on the Plan and (y) filing and serving objections to the Plan. Additionally, the September 2nd Order scheduled a confirmation hearing on the Plan for October 7, 2014 at 9:00 am (EST).

        11.     Service of the Amended Disclosure Statement, the Plan, the Plan Ballot, the September 2nd Order and Related Documents. On September 4, 2014, counsel for the Debtor served the Amended Disclosure Statement, the Plan, the Plan Ballot (to those Classes entitled to vote on the Plan), the September 2nd Order, the Plan Summary and all documents related thereto as required pursuant to the September 2nd Order and applicable authority. Such notice was adequate and sufficient. No other or further notice is or shall be required.

        12.     Solicitation of the Plan. The Debtor solicited votes for the Plan in good faith and in a manner consistent with sections 1125 and 1126 of the Bankruptcy Code and the Bankruptcy Rules 3017 and 3018, and all other applicable provision of the Bankruptcy Code and all other rules, laws and regulations.

        13.     Objection to Claim of Winfall Energy, Inc.. On September 26, 2014, the Debtor filed an Objection to Claim of Winfall Energy and Request for Abstention ("Winfall Claim Objection") [Docket No. 293]. That same day the Debtor served the Winfall Claim Objection upon Winfall as evidenced by the certificate of service filed on September 26, 2014 [Docket No. 295] Pursuant to the Winfall Claim Objection, the Debtor disputes Winfall proof of claim no. 17-1 ("Winfall Claim"). Because the Debtor objected to the Winfall Claim, the Winfall Claim was not an Allowed Claim at the time of Plan Confirmation or entry of this Confirmation Order

3

pursuant to section 502(a) of the Bankruptcy Code. Accordingly, Winfall was not entitled to vote in favor or against the Plan pursuant to section 1126(a) of the Bankruptcy Code.

14. Voting. Pursuant to the September 2nd Order, the last day to vote to accept or reject the Plan was October 3, 2014. On October 6, 2014, the Debtor filed with the Bankruptcy Court the Ballot Certification, which indicated that all Classes of creditors entitled to vote accepted the Plan.

15. Ballot Certification (Bankruptcy Rule 3018). The Ballot Certification filed by the Debtor is consistent with Bankruptcy Rule 3018 and the Local Bankruptcy Rules. As evidenced by Ballot Certification, Classes 1, 2 and 6 (collectively, the "Voting Classes") are impaired, entitled to vote under the Plan and have voted to accept the Plan pursuant to the requirements of section 1124 and 1126 of the Bankruptcy Code and in accordance with section 1127. Classes 3, 4, 5 and 7 are not impaired under the Plan and such Classes (and all holders of claims thereunder) are conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code. Accordingly, all impaired Classes of Claims entitled to vote on the Plan have voted to accept the Plan.

16. The Confirmation Hearing. On October 7, 2014, this Court conducted a hearing on confirmation of the Plan. During the Confirmation Hearing, evidence was presented in support of confirmation, which evidence was accepted into the record.

17. Compliance with Mandatory Requirements of 11 U.S.C. § 1123(a). The Plan satisfies the requirements of section 1123(a) of the Bankruptcy Code.

18. Additional Provisions Permissible Under 11 U.S.C. § 1123(b). The Plan contains additional terms permissible under section 1123(b) of the Bankruptcy Code and complies in all respects with section 1123(b) of the Bankruptcy Code.

19. Assumption/Rejection of Executory Contracts/Unexpired Leases. The Plan provides for the assumption and rejection of various contracts and leases in compliance with sections 365 and 1123(b)(2) of the Bankruptcy Code and the cure of defaults in a manner consistent with sections 365 and 1123(d) of the Bankruptcy Code. Exhibit A to the Plan identifies all contracts and leases to be assumed pursuant to the Plan as well as the Debtor's calculation of the cure amounts payable to each contract-counterparty in the event that such executory contract or unexpired lease was assumed by the Debtor. The Debtor served Exhibit A upon all counterparties to executory contracts and unexpired leases. No counterparties to the contracts and unexpired leases designated for assumption on Exhibit A filed objections relating to the assumption of their respective contracts and/or leases or the proposed cure amounts and the time to assert such objections has expired. The Debtor's decision to assume or reject contracts and leases is a reasonable exercise of the business judgment by the Debtor.

20. Retention of Causes of Action. The Plan provides for the Debtor's retention and enforcement of claims or interests belonging to the Debtor or the Debtor's Estate, including, without limitation, the Causes of Action identified in Section 10.5 of the Plan, which include, among other things, Causes of Action arising from or relating to the Norfolk Incident, Causes of Action arising from or relating to its metals processing contracts, requirements contracts, and/or

"take or pay" contracts (including its contracts with TIMET) and all Causes of Action against Winfall Energy, Inc.. The Plan satisfies section 1123(b)(3)(B) of the Bankruptcy Code and the requirements of applicable Third Circuit legal authority relating thereto.

21. <u>Compliance with Bankruptcy Rule 3016</u>. The Debtor has complied in all respects with Bankruptcy Rule 3016.

22. <u>Compliance with 11 U.S.C. § 1129(a)</u>. The Plan complies and satisfies the applicable provisions of section 1129(a) of the Bankruptcy Code.

23. <u>Plan Proposed in Good Faith</u>. The Plan has been proposed in good faith and not by any means forbidden by law.

24. <u>Best Interests of Creditors</u>. With respect to each impaired Class of claims or equity interests, each holder of a claim or equity interest of such Class: (a) has accepted the Plan; or (b) will receive or retain under the Plan on account of such claim or equity interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date. Accordingly, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

25. <u>Treatment of Administrative and Tax Claims</u>. Except to the extent that the holder of an allowed claim has agreed or will agree to a different treatment of such claim, the Plan provides that holders of claims of a kind specified in sections 507(a)(1-8), respectively, will be treated in accordance with section 1129(a)(9) of the Bankruptcy Code.

26. <u>Feasibility</u>. Based on the record, the Plan is feasible. Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization.

27. <u>Payment of Fees</u>. The fees payable under 28 U.S.C. § 1930 constitute administrative expenses entitled to priority under section 507(a)(1) of the Bankruptcy Code, and the treatment of such fees in the Plan, satisfies the requirements of section 1129(a)(12) of the Bankruptcy Code.

28. <u>Confirmation of Only One Plan</u>. No other plan of reorganization has been confirmed in this Case. Accordingly, the requirements of section 1129(c) of the Bankruptcy Code are met.

29. <u>Principal Purpose of the Plan</u>. No party in interest that is a governmental unit has requested that the Court not confirm the Plan, on grounds that the primary purpose of the Plan, is the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933, and the principal purpose of the Plan is not such avoidance. Accordingly, the requirements of section 1129(d) of the Bankruptcy Code are met.

30. <u>Exemption from Securities Laws</u>. Under the Plan no securities or registration are issued by the Debtor. Therefore, section 1145 of the Bankruptcy Code is inapplicable.

31. <u>Condition Precedent to the Effective Date of the Amended Plan</u>. The conditions precedent to the occurrence of the Effective Date of the Plan, contained in Article IX Section 9.2 of the Plan are reasonable and have either been satisfied, can reasonably be satisfied, or waived as of the date hereof.

32. <u>Modification of Plan (11 U.S.C. § 1127)</u>. Modifications of the Plan, as set forth in the Plan and/or as further or otherwise provided in the Confirmation Order, satisfies all requirements under section 1127 of the Bankruptcy Code and Bankruptcy Rule 3019. No further solicitation is required as a result of the modifications to the Plan.

33. <u>Satisfaction of Confirmation Requirements</u>. As outlined in this Confirmation Order and the record at the Confirmation Hearing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

34. <u>Burden of Proof</u>. The Debtor has met its burden of proving the elements of the applicable subsections 1129 of the Bankruptcy Code by a preponderance of evidence, which is the applicable evidentiary standard in this Bankruptcy Court.

35. <u>Retention of Jurisdiction</u>. This Court may properly retain jurisdiction over the matters set forth in Article XI of the Plan and section 1142 of the Bankruptcy Code.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

A. <u>Confirmation</u>. The Plan is hereby confirmed pursuant to section 1129 of the Bankruptcy Code. The Plan satisfies section 1125 of the Bankruptcy Code without the need for resolicitation.

B. <u>Objections</u>. To the extent that any objection to the Plan was asserted and not withdrawn prior to entry of this Confirmation Order, or otherwise resolved as stated on the record of the Consolidated Hearing or as provided in this Confirmation Order, all such objections are hereby overruled.

C. <u>Provisions of Plan and Confirmation Order are Not Severable</u>. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are non-severable and mutually dependent.

D. <u>Bankruptcy Rule 7052</u>. The findings of this Court set forth above and the conclusions of law stated herein, and on the record at the Confirmation Hearing, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014. To the extent any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and vice versa.

E. <u>Treatment of Claims and Equity Interests</u>. The treatment of Claims and Equity Interests as provided in the Plan is approved.

F. <u>Treatment of Contracts and Leases</u>. Upon the Effective Date, the following, *inter alia*, shall occur:

(i) <u>Rejection of Executory Contracts and Unexpired Leases</u>. On the Effective Date (and as set forth in greater detail in section 8.3 of the Plan) all executory contracts and unexpired leases that are not identified on Exhibit A to the Plan shall be deemed automatically rejected in accordance with the provisions and requirements of sections 365 and 1123(b)(2) of the Bankruptcy Code, unless any such executory contract or unexpired lease (i) has been assumed or rejected pursuant to Final Order of the Bankruptcy Court prior to the Effective Date; (ii) is subject to a separate motion to assume or reject (or terminate or modify, as the case may be) filed under section 365 of the Bankruptcy Code prior to the Effective Date; or (iii) is expressly assumed in the Plan. Rejection damages claims shall be asserted in a manner as set forth in section 8.3 of the Plan.

(ii) <u>Assumption of Executory Contracts and Unexpired Leases</u>. On the Effective Date (and as set forth in greater detail in section 8.2 of the Plan), the Reorganized Debtor will assume all of the executory contracts and unexpired leases listed on Exhibit A to the Plan. The timing and amount of the cure payments to be made to counterparties to executory contracts and unexpired leases to be so assumed shall be made by the Reorganized Debtor pursuant to the Plan. The cure amounts identified on Exhibit A to the Plan are final.

(a) <u>Adequate Assurance of Future Performance</u>. As evidenced by the record, the Debtor has satisfied its burden of proving adequate assurance of future performance of those contracts and leases that are to be assumed and assigned as identified on Exhibit A to the Plan.

G. <u>Vesting of Assets</u>. Pursuant to 11 U.S.C. § 1141(c), all of the Estate's assets shall vest in the Reorganized Debtor, free and clear of all liens, claims and encumbrances, except as set forth in the Plan. Those creditors whose liens survive Plan confirmation (who include but are not limited to FCB) shall retain such liens until the claims secured by said liens are paid in full as set forth in the Plan, and in the case of the Class 1 Creditor (FCB), as they now exist and appear of record with the Pennsylvania Department of State and the Recorder of Deeds Office of Westmoreland County, Pennsylvania, or such other places where documentation for such liens may be filed and/or recorded.

H. <u>Binding Effect</u>. Except as otherwise provided in section 1141(d)(3) of the Bankruptcy Code, the provisions of the Plan shall bind any holder of a Claim against, or Equity Interest in, the Debtor and its respective successors and assigns, including, but not limited to, the Reorganized Debtor, whether or not the Claim or Equity Interest of such holder is impaired under the Plan and whether or not such holder has accepted the Plan.

I. <u>Actions Necessary to Effectuate Plan</u>. The Debtor or Reorganized Debtor, as the case may be, is authorized to execute, deliver, file or record any documents, contracts, instruments, releases, and other agreements and take such other action as may be necessary to effectuate and further evidence the terms and conditions of the Plan and this Confirmation Order. The Debtor or Reorganized Debtor may file a copy of this Confirmation Order in lieu of any amendment, release, termination or other document required to effectuate the terms and

conditions of the Plan or this Confirmation Order and the clerk of any court or political subdivision is directed to file such copy in lieu thereof.

   J. <u>Retention of Jurisdiction</u>. On and after the Effective Date, this Court shall retain jurisdiction over all matters set forth herein and as described in Article XI of the Plan.

   K. <u>Ratification of Transactions Prior to Confirmation Date</u>. This Confirmation Order shall, and is hereby deemed to, ratify all transactions effected by the Debtor during the period commencing on the Petition Date and ending on the Confirmation Date except for any acts constituting willful misconduct, gross negligence, recklessness or fraud.

   L. <u>Effective Date</u>. The Plan shall become effective upon (a) entry of this Order and (b) the final execution of the new consolidated loan documentation referenced in section 4.1(b)(x) of Article IV of the Plan.

   M. <u>Conflicts</u>. To the extent that this Confirmation Order and/or the Plan, conflicts with the Disclosure Statement, the Confirmation Order and/or the Plan controls. To the extent that this Confirmation Order and the Plan conflicts, this Confirmation Order controls. To the extent that this Confirmation Order and/or the Plan conflicts with the Loan Documentation (defined in the next paragraph), this Confirmation Order and the Plan control.

   N. <u>New FCB Loan Documentation</u>. Pursuant to section 4.1(b)(x) of Article IV of the Plan, prior to or on the Effective Date, the Debtor (and any other obligors) shall execute new loan documentation to fully and properly document the consolidated loan described in the Plan (the "Loan Documentation"). The Loan Documentation shall incorporate the terms of the Plan and provide FCB with other protections typically afforded a lender in similar circumstances. The Debtor is authorized to execute such documentation, and FCB may file and/or record such documents as may be reasonably necessary to perfect the liens and security interests being granted to FCB under the Plan, notwithstanding any automatic stay or other provision of the Bankruptcy Code and/or Federal Rules of Bankruptcy Procedure that might otherwise preclude such action.

   O. <u>Release of Miscellaneous Escrow</u>. Notwithstanding anything to the contrary in the Plan, the Miscellaneous Escrow shall be released as agreed upon by the Debtor, or Reorganized Debtor as the case may be, and FCB, or by further order of this Court.

   P. <u>Reference to Plan</u>. Failure specifically to include or reference particular sections or provisions of the Plan or any related agreement in this Confirmation Order shall not diminish or impair the effectiveness of such sections or provisions, it being the intent and the order of the Court that the Plan be confirmed and such related agreements be approved in their entirety.

10-7-2014

*[Signature]*

J.

FILED
10/7/14 2:21 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

8